IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARRELL W. JENKINS,<br><br>        Plaintiff,<br><br>vs.<br><br>NEW WEST SPORTS MEDICINE; DAVID M. HUEBNER, M.D.; SARAH S. BINDERUP, PA-C; and CORY BLACKBURN, M.D.,<br><br>        Defendants. | 8:20CV78<br><br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff, Darrell W. Jenkins ("Jenkins"), is a federal prisoner who currently is incarcerated at LSCI-Butner in North Carolina. Jenkins filed his Complaint (Filing No. 1) on February 28, 2020, and was granted leave to proceed in forma pauperis on March 23, 2020. (Filing No. 7.) Now that Jenkins has paid the required initial partial filing fee, the court conducts an initial review of his Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I. SUMMARY OF COMPLAINT

      This is a medical malpractice action in which Jenkins alleges that three surgeries Defendants performed on him between October 7, 2013, and April 1, 2015, were unsuccessful, and that he was not adequately informed of the risks involved.

## II. LEGAL STANDARDS ON INITIAL REVIEW

      The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *28 U.S.C. § 1915(e)(2)(B)*.

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

As part of its initial review, this court has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction of the federal district courts over civil actions is generally set forth in 28 U.S.C. §§ 1331 and 1332.

Subject-matter jurisdiction under 28 U.S.C. § 1331, commonly referred to as "federal question" jurisdiction, is proper when a plaintiff asserts a claim arising under a federal statute, the Constitution, or treaties of the United States. *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009). The allegations of Jenkins' Complaint do not establish the requisite "federal question" for the court to exercise jurisdiction under § 1331.

Subject-matter jurisdiction under 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, is proper when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). The necessary diversity of citizenship can be between "citizens of different States" or between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)-(2). In addition, the amount in controversy in an action brought under "diversity of citizenship" jurisdiction must be greater than $ 75,000.00. 28 U.S.C. § 1332(a).

In this case, Jenkins asserts that "diversity of citizenship" jurisdiction exists, and alleges that he is a citizen of North Carolina, while all Defendants are citizens of Nebraska. However, the court takes judicial notice of its own files that Jenkins was a Nebraska resident at the time he was sentenced to prison. *See United States v. Jenkins*, Case No. 4:15CR3079 (D.Neb.).

"It has long been held that, for purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual." *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977). "With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration." *Id.* at 251. This presumption may be rebutted, but "the complaint must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." *Id.* Jenkins' Complaint contains no facts that would raise a substantial question about his intent to domicile in North Carolina.

On the court's own motion Jenkins will be given 30 days in which to file an amended complaint that sets forth a sufficient factual basis for the court's subject matter jurisdiction. If an amended complaint is filed within 30 days, the court will conduct another initial review. Otherwise this action will be dismissed without further notice.

IT IS THEREFORE ORDERED:

1. On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth a sufficient factual basis for this court's subject matter jurisdiction. Failure to do so will result in dismissal of this matter without further notice.

2. The clerk's office is directed to set a pro se case management deadline in this matter: June 29, 2020—Deadline for Plaintiff to file amended complaint.

Dated this 29th day of May, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge