IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARRELL W. JENKINS,<br><br>Plaintiff,<br><br>vs.<br><br>NEW WEST SPORTS MEDICINE, et al.,<br><br>Defendants. | 8:20CV78<br><br><br>**MEMORANDUM<br>AND ORDER** |

On August 13, 2020, the court entered Judgment dismissing this case without prejudice when Plaintiff failed to file an Amended Complaint by July 29, 2020, as previously ordered. On August 31, 2020, the court received from Plaintiff a request for reconsideration (Filing 16), in which he says that an Amended Complaint was placed in the prison mail system on July 21, 2020, but was not mailed even though the envelope was properly addressed. Instead, the envelope was returned to him, opened and with the contents removed, on August 12, 2020. Liberally construing Plaintiff's request for reconsideration as a motion for relief from judgment, filed pursuant to Rule 60(b), the court will grant relief.

Plaintiff's contention that his timely mailing did not reach the court is best analyzed as a claim of "excusable neglect," which is "an elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Kurka v. Iowa City*, 628 F.3d 953, 959 (8th Cir. 2010) (quotation marks and citation omitted). To determine whether conduct is excusable, courts consider several factors, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. *Freeman v. Wyeth*, 764 F.3d 806, 809 (8th Cir. 2014). The reason for the delay is a key factor in the analysis, but the excusable neglect inquiry is at bottom an equitable

one, taking account of all relevant circumstances surrounding the party's omission. *Id.* Considering that this case was dismissed without prejudice prior to service of process, that Plaintiff acted with reasonable promptness after receiving the court's Judgment, that Plaintiff had been diligent in previously requesting an extension of time to file an Amended Complaint, and that Plaintiff does not appear to have been at fault, the Judgment will be set aside and Plaintiff will be given an additional 30 days to file an Amended Complaint.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for reconsideration (Filing 16), treated as a motion for relief from judgment filed pursuant to Rule 60(b), is granted.

2. The court's Memorandum and Order entered on August 13, 2020 (Filing 14) is withdrawn.

3. The court's Judgment entered on August 13, 2020 (Filing 15) is set aside and vacated.

4. Plaintiff will have 30 days from the date of this Memorandum and Order to file an Amended Complaint that sets forth a sufficient factual basis for this court's subject matter jurisdiction. Failure to do so will result in dismissal of this matter without further notice.

5. The clerk of the court is directed to set the following pro se case management deadline: **October 5, 2020**: check for amended complaint.

Dated this 4th day of September, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

2