IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARRELL W. JENKINS,<br><br>      Plaintiff,<br><br>vs.<br><br>NEW WEST SPORTS MEDICINE;<br>DAVID M. HUEBNER, M.D.; SARAH<br>S. BINDERUP, PA-C; and CORY<br>BLACKBURN, M.D.,<br><br>      Defendants. | 8:20CV78<br><br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff, Darrell W. Jenkins ("Jenkins"), is a federal prisoner who currently is incarcerated at LSCI-Butner in North Carolina. Jenkins filed his Complaint (Filing No. 1) on February 28, 2020, and was granted leave to proceed in forma pauperis on March 23, 2020. (Filing No. 7.)

      The court conducted an initial review of Jenkins' Complaint pursuant to 28 U.S.C. § 1915(e)(2), and, in a Memorandum and Order entered on May 29, 2020 (Filing 11), questioned Jenkins' conclusory allegation that he is a citizen of North Carolina. Taking judicial notice of its own files, the court noted that Jenkins was a Nebraska resident when he was sentenced to prison, in June 2016. *See United States v. Jenkins*, Case No. 4:15-cr-03079-JMG-CRZ. Then, applying the rebuttable presumption that a prisoner does not acquire a new domicile when he is incarcerated in a different state, *see Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977), and finding no factual allegations in the Complaint that would raise a substantial question about Jenkins' intention to acquire a new domicile, the court concluded that diversity of citizenship jurisdiction under 28 U.S.C. § 1332 had not been sufficiently pleaded.

      On the court's own motion, Jenkins was given 30 days in which to file an amended complaint that sets forth a sufficient factual basis for the court's subject matter jurisdiction. That filing deadline later was extended to July 29, 2020. (Filing

13.) When an amended complaint was not filed within the prescribed time, the court entered judgment dismissing the case without prejudice. (Filing 15.) However, the judgment was set aside on September 4, 2020, upon a finding of excusable neglect under Rule 60(b) of the Federal Rules of Civil Procedure, and Jenkins was given additional time to file an amended complaint. (Filing 17.)

Jenkins' Amended Complaint (Filing 18) was timely received and docketed by the clerk of the court on September 21, 2020. Accordingly, the court will now conduct an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF AMENDED COMPLAINT

This is a medical malpractice action in which Jenkins alleges that three surgeries Defendants performed on him between October 7, 2013, and April 1, 2015, were unsuccessful, and that he was not adequately informed of the risks involved. Jenkins now alleges that federal question jurisdiction exists under 28 U.S.C. § 1331, and claims that the defendants violated his constitutional rights under the Cruel and Unusual Punishment Clause of the Eighth Amendment.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *28 U.S.C. § 1915(e)(2)(B).*

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

2

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

As part of its initial review, the court also has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

### III. DISCUSSION OF CLAIMS

Liberally construing Jenkins' pleadings, he is attempting to convert a state-law professional negligence claim into a federal constitutional claim, brought either under 42 U.S.C. § 1983 or else as an implied cause of action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The traditional definition of "acting under color of state law" requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Id.*, at 49.

To state a claim for damages under *Bivens,* a plaintiff must show that a federal officer violated his constitutional rights. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (holding there is no implied private right of action, pursuant to *Bivens*, for damages against private entities that engage in alleged constitutional deprivations while acting under color of federal law).

3

None of the defendants are alleged to be federal officers or to have acted under color of state law. In addition, the alleged malpractice occurred prior to Jenkin's current incarceration, and he does not allege that he was prisoner at any time between October 7, 2013, and April 1, 2015, when the surgeries were performed. The Eighth Amendment's proscription against cruel and unusual punishment applies only to convicted prisoners. *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019).

## IV. CONCLUSION

Jenkins has failed to allege sufficient facts to demonstrate that the court has subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. The court will not grant Jenkins further leave to amend, because it concludes that any amendment would be futile.

IT IS THEREFORE ORDERED:

1. This action is dismissed without prejudice, for lack of subject matter jurisdiction.

2. The court will enter judgment by separate document.

Dated this 2nd day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge